**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ALMIGHTY DIVINE SUN GOD ALLAH, :
: Civil Action No. 08-4935 (AET)
    Plaintiff, :
:
:
    v. : **OPINION**
:
SOUTHERN STATE CORRECTIONAL :
FACILITY, et al., :
:
    Defendants. :

**APPEARANCES:**

    ALMIGHTY DIVINE SUN GOD ALLAH, Plaintiff pro se
    536332/458262
    SBI # 192206B
    Mercer County Correction Center
    P.O. Box 8068
    Trenton, New Jersey 08650

**THOMPSON**, District Judge

    Plaintiff Almighty Divine Sun God Allah, a state inmate confined at the Mercer County Correction Center in Trenton, New Jersey, at the time he submitted his Complaint for filing, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed as moot.

## I. BACKGROUND

Plaintiff, Almighty Divine Sun God Allah ("Allah"), brings this civil rights action against the Southern State Correctional Facility, the Mercer County Correctional Facility; and the New Jersey Department of Corrections ("NJDOC"). (Complaint, Caption and ¶¶ 4b, 4c and 6). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Allah claims that he is being confined at the Mercer County Correctional Center beyond his maximum release date. He states that, on February 28, 2008, he was sanctioned on a disciplinary infraction at the Southern State Correctional Facility ("SSCF"), losing 30 days of "comp" time (or good time credit). Allegedly, this 30 day loss of credit was suspended for 30 days. Then, on March 15, 2008, plaintiff again was sanctioned on another

disciplinary charge, and the 30 days loss of good time credit was imposed.

Allah seeks his release from confinement and compensation in the amount of $1,000 per day from September 3, 2008 through October 12, 2008, the maximum release date as calculated by the NJDOC. He also asks for punitive damages in the amount of $75,000, and additional compensatory damages for his illegal detention in the amount of $50,000. (Compl., ¶ 7§§ VII and VIII).

On November 5, 2008, the Court received a letter from Allah in which he confirms that he was released from the SSCF in October 2008.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff is a prisoner who is proceeding in forma pauperis, and he is asserting claims against

government prison officials with respect to incidents occurring while he was confined at MCCI. Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent, and under 28 U.S.C. § 1915A because he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d

218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted. Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

5

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, plaintiff names the Southern State Correctional Facility, the Mercer County Correctional Facility and the New Jersey Department of Corrections as defendants in this matter. However, any claims asserted against these state entities or jail facilities are subject to dismissal under the Eleventh Amendment and because jail facilities are not "persons" for purposes of § 1983 liability. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(the New Jersey Department of Corrections is not a person under § 1983).; Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). Moreover, neither states, nor governmental entities, such as the New Jersey Department of Corrections, that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. Will v.

Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow, supra. Therefore, the Complaint should be dismissed with prejudice in its entirety with respect to defendants, Southern State Correctional Facility, Mercer County Correctional Facility, and the NJDOC, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2).

IV.   ANALYSIS

While the named defendants should be dismissed from this action, the Court is otherwise obligated to review plaintiff's Complaint to determine whether he states a cognizable claim. Here, Allah asserts a due process claim that he is being held in excess of his maximum term of confinement.

However, the exclusive federal remedy for an inmate challenging the fact or length/duration of his confinement is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Allah seeks pecuniary relief, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal

conviction and sentence.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve a favorable termination of his available state, or federal habeas opportunities in order to obtain relief under § 1983 the underlying decision to confine him.  See Muhammad v. Close, 540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availabilities of habeas remedies."  Id.

Later, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  The Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, which in that case was the disciplinary finding and punishment.  520 U.S. at 646-8.

Here, Allah plainly takes issue with the disciplinary charge and sanctions that resulted in the loss of good time credits. However, he has not indicated that he has exhausted his state administrative and court remedies challenging the imposition of the disciplinary sanction. He also does not indicate that he challenged the computation of his sentence or that his incarceration was deemed to be in excess of his maximum term of confinement by any state court or by the issuance of a writ of habeas corpus. Thus, this claim is barred under Preiser, as well as Heck and Balisok, because a favorable outcome in this case would necessarily imply the invalidity of his prison disciplinary finding and the 30 day sanction of loss of credit time. Brown's sole federal remedy in this instance would be a writ of habeas corpus. Therefore, this Complaint, which challenges the fact of plaintiff's incarceration as being in excess of his maximum term of confinement, is not cognizable under § 1983, and should be dismissed without prejudice at this time.

Nevertheless, as plaintiff has indicated he already has been released from prison, the Court finds that this action must now be dismissed as moot.

## V. CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed as moot because plaintiff has been released from prison. An appropriate order follows.

                                                   s/ Anne E. Thompson
                                                   ANNE E. THOMPSON
                                                   United States District Judge

Dated: 2/5/09